IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL FULLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DERRICK CUNNINGHAM, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO. 2:16cv121-WHA |

**MEMORANDUM OPINION AND ORDER**

**I.    FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Remand, filed by the Plaintiff, Michael Fuller (Doc. #7).

Fuller originally filed a Complaint in this case in the Circuit Court of Montgomery County, Alabama. (Doc. #1-3). Fuller has alleged that he was remanded to the custody of the Montgomery County Jail for his failure to appear at a child support hearing. While he was in the Montgomery County Jail, he was not given prescription medication for hypertension, and suffered a stroke as a result. He brings the following claims: Count I, Negligence; Count II, Wantonness; Count III, Nuisance; Count IV, Cruel and Unusual Punishment; Count V, Negligent Hiring, Training, and Supervision; and Count VI, Respondeat Superior. He seeks compensatory and punitive damages.

On February 25, 2016, the Defendants file a Notice of Removal, asserting that federal question subject matter jurisdiction exists in this case because in Count IV the Plaintiff asserts a

claim pursuant to the Eighth Amendment to the United States Constitution for cruel and unusual punishment.

Count IV of the Complaint is pled as follows:

### Count IV

### Cruel and Unusual Punishment

30. Plaintiff realleges each and every paragraph above as if fully set forth herein.

31. The Plaintiff suffered a deprivation of rights, privileges or immunities secured to him by the Constitution of the United States and the laws of the State of Alabama.

32. Specifically, Plaintiff's denial of prescribed the medications of Lisinopril and Norvasc for his hypertension, despite Defendants' knowledge and awareness of Plaintiff's condition, constitutes a deprivation of the constitutional right against cruel and unusual punishment provided by the Eighth Amendment to the United States Constitution, which is made applicable to the states through the Fourteenth Amendment.

33. Furthermore, Plaintiff had an independent right to be free from cruel and unusual punishment through the Constitution of the State of Alabama, Article I, Section 15.

34. The Defendants, acting under color of law, caused the deprivation of Plaintiff's Right to be free from cruel and usual punishment by action and/or omission. The Defendants acting within this incident do not enjoy qualified immunity because of the violation of the clearly established constitutional rights to be free from cruel and unusual punishment in the form of languishing in jail without being provided necessary medications, which ultimately resulted in the Plaintiff's suffering a stroke.

35. As a result of the Defendants' nuisance of depriving Plaintiff of his medication for six (6) days, the Plaintiff has suffered injuries and damages including, but not limited to, severe physical ailments; physical pain and suffering; physical injury; medical expenses; loss of activity; rehabilitative expenses; plus internally or permanently injured/scarred.

**WHEREFORE THE ABOVE PREMISES CONSIDERED,** the Plaintiff demands judgment against the Defendants in an amount which exceeds the jurisdictional minimum of this Court and which the fact fmder shall determine as compensatory and/or punitive damages, plus interest and all costs of this proceeding.

(Doc. #1-3 at p.9-10).

Fuller filed a Motion to Remand, arguing that no federal claim has been alleged in this case, so there is no subject matter jurisdiction.

For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II.   MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.   *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983), cert. denied, 465 U.S. 1103 (1984).   As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.   *See Kokkonen*, 511 U.S. at 377.   Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.   *See Burns*, 31 F.3d at 1095.

## III.   DISCUSSION

Any claim that was originally filed in state court may be removed by a defendant to federal court if the case could have been filed in federal court originally. 28 U.S.C. § 1441(a). Where, as here, there is not complete diversity of citizenship, the defendant must show that federal question jurisdiction is present. 28 U.S.C. § 1441(b). Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Fuller argues in his Motion to Remand that this court lacks subject matter jurisdiction because his claims are state law claims and a federal issue embedded in those claims does not support federal question jurisdiction.

"[W]here the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit." *Bell v. Hood*, 327 U.S. 678, 681-82 (1946).[1] The presence of a federal question is governed by the "well-pleaded complaint rule" which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Thus, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law, even where a federal claim is also available." *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

This is not a case in which the plaintiff has pled only state-law claims. *See Dunlap*, 381 F.3d at 1291. Instead, as set out above, the face of the Complaint invokes the protections of the United States Constitution, identifies the Eighth Amendment as a specific constitutional amendment which has been infringed, and pleads Fourteenth Amendment incorporation of the Eighth Amendment to the states. (Doc. #1-3 at p.9). The Complaint goes on to state a separate state law claim, identifying "an independent right to be free from cruel and unusual punishment through the Constitution of the State of Alabama." *Id.* The federal claim, however, is asserted on the face of Fuller's well-pleaded complaint and gives rise to federal question subject matter jurisdiction.

## IV.  CONCLUSION

---

1  Neither exception appears to apply here: "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682-83.

For the reasons discussed, the court concludes that a federal claim has been alleged in this case so that this court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, and may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

Accordingly, it is hereby ORDERED that the Motion to Remand (Doc. #7) is DENIED.

DONE this 27th day of April, 2016.

/s/ W. Harold Albritton_____
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE